[Civ. No. 7178. Second Appellate District, Division Two.—June 24, 1932.]

J. W. QUINLAN, Appellant, v. OSBORNE–FITZ–PAT-RICK FINANCE CO. (a Corporation), Respondent.

Henry G. Bodkin for Appellant.

Rush & Beirne for Respondent.

CRAIG, Acting P. J.—In an action for an alleged unpaid balance of compensation for services rendered by the plaintiff to the defendant, judgment was rendered in favor of the latter. ▉ The only question presented by the appellant is as to whether or not the findings and judgment are supported by the evidence.

It appeared that the parties had a verbal understanding that the appellant should act as sales manager for the respondent, and that he should receive an "over-writing commission" of ten per cent upon all sales effected by salesmen of lots in a certain tract. Thereafter a statement in the form of a letter was signed by both parties, that the respondent would pay five per cent of the gross sale price of all lots sold by the appellant or by salesmen working under his direction or supervision. Subsequently to employment for the sale of lots as at first contemplated, the appellant entered upon the disposition of lots in a second tract. A contract was later executed formally, wherein it was recited

that the plaintiff having acted as manager and being entitled to an overwriting commission of ten per cent on all sales, a controversy having arisen concerning his right to receive commissions on sales made and later canceled, it was desired by the parties that such controversy be amicably adjusted and terminated; that in consideration of the premises, and as a compromise, in full settlement, the defendant agreed to pay in cash and the plaintiff agreed to accept, a specified amount, upon the signing of the instrument in controversy. Said contract further provided that the second party, appellant herein, "does hereby acknowledge full and complete satisfaction of every claim of every nature whatsoever which has been or otherwise might be asserted by said second party against said first party, as commissions upon any sales of sections in either of said tracts, or otherwise, except that said first party does hereby acknowledge its obligation to hereafter pay to said second party that portion of his overwriting commission of ten per cent upon sales made in the office of said second party and which sales are evidenced by contracts now in good standing . . . as and when the payments are received by said first party under said contracts. It is further agreed that the total commission to be paid . . . on re-sales is and shall be five per cent instead of ten per cent.''

The trial court found, in effect, that the last-mentioned contract superseded and merged other agreements of the parties, and that further payments had not been received by the respondent upon contracts in good standing under which the appellant was entitled to compensation in addition to that already paid. While the evidence was conflicting, a careful review of the record discloses documentary evidence which there was testimony tending to corroborate from all of which the trial court must be held warranted in finding that the respondent had compensated appellant for his commission on all contracts as stipulated in the last writing.

The judgment is affirmed.

Thompson (Ira F.), J., and Fricke, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 22, 1932.